UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON HAMILTON, | No. 2:19-cv-1963-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA, et al. | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application (and accompanying trust fund account (ECF No. 5)) make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted.

<u>Screening</u>

I.    <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

A. <u>Background</u>

Plaintiff alleges that he was set for a parole hearing on June 4, 2019. ECF No. 1 at 3. The day before the hearing was to occur, he was assessed with a disciplinary violation for an incident that allegedly occurred eleven months prior. *Id.* Plaintiff apparently did not receive his parole hearing and now claims that the charge – which was apparently referred to the relevant district attorney but not pursued by the same – was untimely and deprived him of his right to a "meaningful [parole] hearing at a meaningful time." *Id.*

/////

In addition, plaintiff also claims that foregoing disciplinary violation was subsequently separated into two distinct violations – a technique known as "stacking" which California Department of Corrections and Rehabilitation policy prohibits. *Id.* at 6. It is unclear whether this "stacking" affected his foregoing parole concerns or whether it represents a separate claim entirely.

Finally, plaintiff alleges that a lack of evidence supported the assessed disciplinary charge. *Id.* at 10. He does not state whether he was actually convicted of the charge or, if so, what penalty was doled out. Instead, he alludes to problems with the evidentiary "chain of custody" and vaguely argues that his due process rights have been violated. *Id.*

B.   Analysis

Plaintiff's complaint is deficient for several reasons.

First and with respect to his claim for delay of parole hearing, it is unclear how long plaintiff's hearing was postponed and what prejudice he suffered because of the delay. The U.S. Court of Appeals for the Ninth Circuit has held that delay in holding a parole hearing amounts to a due process violation only where the "[parole] commission's delay in holding a revocation hearing was both unreasonable and prejudicial." *Vargas v. U.S. Parole Comm'n*, 865 F.2d 191, 194 (9th Cir. 1988) (analyzing due process in the context of a parole revocation hearing); *see also Arellano v. United States Bureau of Prisons*, 1989 U.S. App. LEXIS 23898, * 3 (9th Cir. 1989) (unpublished). To show prejudice, plaintiff must allege that the delay had some effect on his suitability for parole. *See*, *e.g.*, *Israel v. Hedgpeth*, No. C 09-04233 CW (PR), 2012 U.S. Dist. LEXIS 34571 at *15-16 (Cal. C.D. Mar. 14, 2012) ("First, the Board did not abrogate Petitioner's future right to parole hearings, or even deny them indefinitely but rather postponed his scheduled parole hearing on two occasions. . . . Nothing indicates the delays had any effect on the standards for determining suitability.").[1]

---

[1] His complaint is not clear, but plaintiff seems to suggest that something pretextual should be inferred by the timing of violation assessment. The charged conduct occurred eleven months before the date that the disciplinary violation was actually charged. But the day before his parole hearing, someone made a decision to charge the seemingly stale violation. If plaintiff is attempting to claim that the timing of the charge was intended to improperly influence the outcome of the parole hearing, he must do so explicitly, and he must explain how it would have

3

Second and with regard to his "stacking" claim, plaintiff is advised that no section 1983 claim may be premised solely on an alleged violation of prison policy or procedure. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal *constitutional* violation.") (emphasis in original).

Third, the court cannot discern the contours of plaintiff's claim regarding the sufficiency of evidence underlying his rules violation charge. If plaintiff was convicted of a rules violation and believes that his conviction is not supported by sufficient evidence, it behooves him to say so explicitly.

Finally and perhaps most fundamentally, plaintiff has named three[2] individual defendants – Warden Rick Hill, Lieutenant Fraker, and Sergeant Aguilar – but does not allege what actions each personally undertook that violated his rights. In fact, as far as the court can discern, none receives specific mention in the body of the complaint. Thus, he has failed to state a cognizable claim against any of them. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.").

Plaintiff will be given leave to amend to address the foregoing deficiencies.

III.    Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also

---

been an improper attempt to influence the result. Further, he must support his allegation with specific facts.

[2] Plaintiff has also sued the State of California. He seeks, however, only monetary damages. ECF No. 1 at 20. The state, owing to the Eleventh Amendment, is immune from suit for damages. *See Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995) ("The Eleventh Amendment prohibits suits against a state, and section 1983 does not abrogate this immunity.").

4

include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

/////

/////

/////

5

3. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 9, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE